NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3156

DIANE TENNYSON,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Diane Tennyson, of Lakewood, California, pro se.

Carrie A. Dunsmore, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, and Bryant G. Snee, Deputy Director.

Appealed from: United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3156

DIANE TENNYSON,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED:  August 10, 2007

_____

Before LOURIE and LINN, <u>Circuit Judges</u>, and BUCKLO, <u>District Judge</u>.[*]

PER CURIAM.

## DECISION

Diane Tennyson appeals from the decision of the Merit Systems Protection Board ("Board") affirming the Office of Personnel Management's ("OPM's") decision denying her application for disability retirement under the Federal Employees Retirement System ("FERS").  <u>Tennyson v. Office of Pers. Mgmt.</u>, SF-844E-07-0035-I-1 (M.S.P.B. Feb. 7, 2007) ("<u>Initial Decision</u>").  Because Tennyson fails to identify any reversible error, we <u>affirm</u>.

## BACKGROUND

_____

[*]    Honorable Elaine E. Bucklo, District Judge, United States District Court for the Northern District of Illinois, sitting by designation.

On April 26, 1986, Tennyson began her employment with the United States Postal Service ("USPS"). She originally held the position of a mail carrier, and later changed positions to Sales and Service Associate/Distribution Associate, which she held for nearly twenty years. In July 2000 and August 2003, Tennyson incurred work-related injuries relating to, inter alia, carpal tunnel syndrome and shoulder tendonitis. Although Tennyson is still employed with the USPS, Tennyson has not reported to duty since September 2004. Initial Decision at 2. In a letter dated September 23, 2005, the Department of Labor, Office of Workers Compensation Programs ("OWCP"), advised Tennyson that she had been offered a position as a modified Distribution Window Clerk, which the OWCP found to be suitable for her work capabilities. Tennyson informed the agency that she was "mentally incapable of performing that position," and thus refused the offer. Id.

On August 29, 2005, Tennyson filed an application for disability retirement under FERS. In her statement, Tennyson claimed that she was unable to perform in her position due to bilateral carpal tunnel syndrome, major depressive disorder, neck and shoulder pain, and side effects from her depression medication. Id. at 3. On April 3, 2006, the OPM denied her application upon concluding that "she did not meet the eligibility criteria for disability retirement." Id. Tennyson appealed to the Board.

On February 7, 2006, the Administrative Judge ("AJ") affirmed the OPM's decision. In reaching her conclusion, the AJ considered the evidence of record, including, inter alia, a consultative orthopedic evaluation by Dr. Ibrahim Khan and Dr. Frederick Workmon, periodic reports from Kaiser Permanente, Baldwin Park Occupational Medicine Department ("Kaiser"), reports from Kedren Community Mental

Health Center, and Tennyson's testimony.

The AJ found that Tennyson had over eighteen months of creditable civilian federal service in a position under FERS, and that her application for disability retirement was timely filed. The AJ found, however, that she failed to establish that her medical condition prevented her from performing "useful and efficient service" in the modified position that was offered to her on September 23, 2005. Even if Tennyson were restricted by functional limitations, which the AJ concluded was not the case, the AJ found that the duties of the modified Distribution Window Clerk position fell within such restrictions. Id. at 13. As such, the AJ concluded that that position "constituted a reasonable accommodation of [her] condition in her position of record." Id. at 14. Thus, because Tennyson was offered and failed to accept the modified position, the AJ concluded that she failed to establish entitlement to disability retirement benefits under FERS. Id. at 15.

Tennyson did not file a petition for review by the full Board, and thus the AJ's initial decision became the final decision. See 5 C.F.R. § 1201.113. Tennyson timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

The scope of our review in an appeal from a decision of the Board is limited. Ordinarily, we must affirm the Board's decision unless it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); see Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003). In cases involving disability retirement benefit

cases under FERS, however, our review is "substantially truncated." <u>Anthony v. Office of Pers. Mgmt.</u>, 58 F.3d 620, 624 (Fed. Cir. 1995). Under 5 U.S.C. § 8461(d), we are precluded "from reviewing the factual underpinnings of physical disability determinations, but may address whether there has been a 'substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination.'" <u>Id.</u> at 626 (quoting <u>Lindahl v. Office of Pers. Mgmt.</u>, 470 U.S. 768, 791 (1985) (internal quotations omitted)).

On appeal, Tennyson argues, without elaboration, that the Board erred in failing to consider that she had been advised by her employer of certain options in light of her medical condition. Those options include applying for disability retirement, resigning with a deferred annuity at age sixty-two, or resigning and withdrawing all of her money from her retirement plan. Because she chose to follow the first option, Tennyson argues that the Board's decision cannot be sustained. Tennyson further argues that the Board failed to consider her "medical condition that prevents [her] from preforming [sic] all of the duties of [her] assigned bid position." Because the Board failed to take into account those considerations, Tennyson urges that the decision should be reversed.

The government responds that the options cited by Tennyson were set forth in a letter that was written after the Board issued its decision in this case. As such, the government contends that the letter is clearly not part of the record, and thus the Board did not err by not considering it. In addition, the government argues that the Board properly considered all of the evidence of record and that Tennyson's second argument essentially amounts to a challenge of the Board's factual determinations, which this

court lacks jurisdiction to review. As such, the government argues that Tennyson fails to identify proper grounds for reversal.

We agree with the government. Based on the record before us, the three options that Tennyson asserts were overlooked by the Board were set forth in a letter Tennyson received from her employer that was dated February 17, 2007. The AJ issued her initial decision on February 7, 2007. Thus, the letter was not part of the record that was before that AJ at the time of her decision and should not be considered in this appeal. See SMS Data Prods. Group, Inc. v. United States, 900 F.2d 1553, 1558 (Fed. Cir. 1990) ("Parties may not submit to this court evidence not of record, rely thereon and fail to identify such evidence as never having been presented to the previous tribunal."). Moreover, even if the letter had been considered, the letter fails to provide a basis for reversible error. The letter merely informs Tennyson of certain options that are available to her. It does not grant her any rights or benefits, nor does it indicate that she would be entitled to disability retirement. Accordingly, Tennyson's argument that the Board erred in failing to consider the letter is unpersuasive.

Tennyson's second argument, that the Board failed to consider her medical condition, is belied by the AJ's thorough opinion. In her decision, the AJ considered the evidence of record, including medical records and Tennyson's testimony. The AJ discussed in great detail the medical report of Dr. Khan and Dr. Workman, periodic reports from Kaiser, and reports of her treatment at Kedren Community Mental Health Center. Initial Decision at 6-12. After considering that evidence, the AJ found that Tennyson's "conditions did not prevent the appellant from performing useful and efficient service in her Sales and Service Associate/Distribution Associate position, as

2007-3156

-5-

modified in the September 2005 job offer." <u>Id.</u> at 15. Notably, in her brief, Tennyson asserts that she is not challenging any legal determinations made by the Board. To the extent that Tennyson is challenging the AJ's factual determinations, we are precluded from reviewing those determinations. Accordingly, because Tennyson fails to identify any reversible error, we <u>affirm</u>.

COSTS

No costs.